IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

02 DEC 30 PM 12: 05

DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| CAMERON GRAMMAS, individually; and ) <br> TASIA M. GRAMMAS, as Conservator of the ) <br> Estate of CAMERON GRAMMAS, and as his ) <br> Guardian and next best friend, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> WAYNE R. MURPHY; RICHARD P. ) <br> BRANSON; and MURPHY, STEELE & ) <br> FLAHERTY, P.A., ) <br> ) <br> Defendants. ) | Civil Action Number <br> 01-C-3050-S <br><br> ENTERED <br> DEC 3 0 2002 |

**MEMORANDUM OF OPINION**
**GRANTING MOTIONS FOR SUMMARY JUDGMENT**

Defendants Richard Branson, Wayne Murphy, and Murphy & Steele, P.A. have moved for Summary Judgment against Plaintiffs on their claim of legal malpractice. Based on the undisputed facts, the motions are due to be granted.

I. The Undisputed Facts

1.  In 1996, Plaintiffs hired Attorney Charles Decker ("Decker") to represent them in a lawsuit against Attorney Gusty Yearout and others for alleged malpractice and fraud in connection with certain transactions between Yearout and Cameron Grammas. These business transactions occurred in the early to mid 1980's. The complaint was filed in the Circuit Court of Jefferson County, Alabama; and Yearout put Plaintiffs to their proof by denying Plaintiffs' allegations

1

2. In May 1996, the trial court ordered Plaintiffs to file a more definite statement of their claims against Yearout .in an amended complaint. The amended complaint was never filed by Decker.

3. In June 1998, Yearout moved for dismissal of the case based on Plaintiffs' failure to comply with the circuit court's order requiring a more definite statement.

4. In September 1998, the court issued another order requiring Plaintiffs to file a more definite statement of their claims. The amended complaint was never filed by Decker..

5. In November 1998, Plaintiffs fired Decker.

6. In early 1999, Plaintiffs retained Defendants Richard Branson ("Branson") and Wayne Murphy ("Murphy") to represent them in the case, and paid them $ 20,000. Branson and Murphy are licensed to practice in Massachusetts.

7. Branson and Murphy traveled to Birmingham and worked on the case.

8. Branson and Murphy were hampered in their efforts to prosecute the case by the age of the case as well as the deteriorating mental and physical conditions which accompany Cameron Grammas' advanced age. Tasia Grammas had limited knowledge of these transactions and was unable to provide significant information to her lawyers.

9. At a hearing on July 9, 1999, the circuit court ordered for a third time the filing of an amended complaint . The amended complaint was ordered to be filed by July 16, 1999. The circuit judge specifically required that the claims be stated with greater specificity in the amended complaint.

10. On July 16, 1999, Branson and Murphy filed an amended complaint. The amended complaint added additional defendants.

11. Some of the new defendants sought to have Plaintiffs' claims adjudicated in the bankruptcy

court. Brandon and Murphy spent considerable time resisting these efforts.

12.     On May 25, 2000, the circuit court dismissed the Plaintiffs' complaint, finding that the amended complaint did not allege fraud with the requisite specificity, and that it did not comply with the previous orders of the court.

13.     Both Branson and Murphy testified under oath that they used the same care, skill, and diligence in representing Plaintiffs that other competent lawyers in the same locality would have exercised. They each submitted affidavits explaining in detail the legal work performed in the underlying case.

14.     Defendants also submitted the expert affidavit of Scott Powell, a highly respected member of the Birmingham Bar Association. Powell opined that Defendants met the requisite standard of care in drafting the amended complaint. His opinion is that competent local lawyers would have drafted a similar amended complaint. Contrary to the opinion of the circuit judge, Powell feels that the amended complaint meets the particularity requirement of Alabama Rule of Civil Procedure 9 (b). Powell's affidavit is uncontroverted.

15.     This action was filed in September 2001.

## II. The Applicable Law

Summary judgment is appropriate where the movant demonstrates that there is no genuine issue as to any material facts and that, based upon the undisputed facts, it is entitled to judgment as a matter of law. *See Earley v. Champion Int'l Corp.,* 907 F.2d 1077, 1081 (11th Cir. 1990). When ruling on a motion for summary judgment, the court must view the facts in a light favorable to the nonmoving party.

In order to succeed on a legal malpractice claim, the plaintiff must show 1) that the attorney

breached his duty of care in the performance of legal services, and 2) that the breach was the proximate cause of an injury. *Tyree v. Hendrix,* 480 So.2d 1176, 1177 (Ala. 1985). The plaintiff in a legal malpractice case must show that "but for" the attorney's negligence, plaintiff would have recovered on the underlying action. *Johnson v. Horne*, 500 So.2d 1024 (Ala. 1986).

### III. Analysis

First, Plaintiffs' action is barred by the statute of limitations. The amended complaint in the underlying case was filed on June 16, 1999. This allegedly-deficient complaint is the basis of Plaintiff's instant lawsuit. But this lawsuit was not filed until September 6, 2001, - more than two months after the expiration of the two-year statutory period.

Even if this action were not barred by the statute of limitations, Plaintiffs have not put forward adequate evidence to put in issue Scott Powell's expert testimony that Defendants did not breach the standard of care.

Moreover, Plaintiffs have not adduced sufficient evidence to support a reasonable factfinder's conclusion that "but for" the failure to comply with the orders of the circuit court, they would have prevailed in the underlying action. Because of Cameron Grammas' mental condition, he cannot controvert Gusty Yearout's sworn statements that he never fraudulently obtained Grammas's signature, he never converted any money owed to Grammas, and that he paid Grammas all debts owed to him prior to the lawsuit.

In summary, Plaintiffs' claims are time-barred; and the undisputed facts are insufficient to support a jury verdict for the Plaintiffs on their substantive claim..

Conclusion

For all of these reasons, Defendants' Motions for Summary Judgment will be granted by separate order.

Done this 27th day of December 2002.

                                                    Chief United States District Judge
                                                          U.W. Clemon